UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC -3 2015
Clerk, U.S. District and
Bankruptcy Courts

Claire Morin MD, )
 )
    Plaintiff, )
 )  Case: 1:15-cv-02099
v. )  Assigned To : Unassigned
 )  Assign. Date : 12/3/2015
University of Massachusetts *et al.*, )  Description: Pro Se Gen. Civil (F Deck)
 )
    Defendants. )

## MEMORANDUM OPINION

Upon review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*, the Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The plaintiff, a resident of Gaithersburg, Maryland, sues the University of Massachusetts and its Board of Trustees and/or who might be officials of the University. The complaint is not a model of clarity. It appears in places that the plaintiff is challenging court decisions, which this Court has no authority to review. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (the district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

More importantly, the Eleventh Amendment to the U.S. Constitution immunizes a state, and components of a state, from suit in federal court, unless immunity is waived.[1] *Edelman v.*

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI.

1

*Jordan*, 415 U.S. 651, 662-63 (1974) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)) (other citations omitted). The University of Massachusetts "acts as an arm of the Massachusetts state government and as such is within the scope of immunity from suit in the federal courts afforded by the Eleventh Amendment." *Neo Gen Screening, Inc. v. New England Newborn Screening Program*, No. 98-10394-GAO, 1998 WL 35278283, at *3 (D. Mass. Dec. 3, 1998), *aff'd*, 187 F.3d 24 (1st Cir. 1999); *see Langadinos v. Bd. of Trustees of Univ. of Massachusetts*, No. 12-11159-GAO, 2013 WL 5507042, at *18 (D. Mass. Sept. 30, 2013) ("[T]his Court finds that UMass is an arm of the state entitled to sovereign immunity."). Such immunity applies to members of the University's Board to the extent, as seems to be the case here, that they are being sued in their official capacity. *See BT INS, Inc. v. Univ. of Massachusetts*, No. 10-11068-DPW, 2010 WL 4179678, at *3 (D. Mass. Oct. 19, 2010) (concluding "that the Eleventh Amendment entitles UMass and its Board of Trustees to immunity from suit in federal court" absent consent or waiver); *Hannigan v. New Gamma-Delta Chapter of Kappa Sigma Fraternity, Inc.*, 367 Mass. 658, 659, 327 N.E.2d 882, 883 (1975) ("[T]he trustees are one and the same party, namely the Commonwealth of Massachusetts, since the action was not instituted against the trustees individually, but rather against the board as a statutory entity.") The complaint's allegations reveal no apparent waiver of immunity. Hence, this case will be dismissed.[2]

/s/ Reggie B. Walton
United States District Judge

Date: November 13, 2015

---

[2] A separate Order accompanies this Memorandum Opinion.